UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WANDA TIDWELL,**

  **Plaintiff,**　　　　　　　　　　　**CASE NO.:**

    **vs.**　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, RAC ACCEPTANCE
EAST, LLC d/b/a ACCEPTANCE NOW, and
COMMUNITY BANK, N.A.**

  **Defendants.**
_____/

## COMPLAINT

COMES NOW Plaintiff, WANDA TIDWELL, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, RAC ACCEPTANCE EAST, LLC d/b/a ACCEPTANCE NOW, and COMMUNITY BANK, N.A. (doing business both as National Tire & Battery and Home Depot), and alleges:

### I. PARTIES

1.　Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

1

2.    Defendant EXPERIAN is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3.    At all times material Defendant EXPERIAN is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4.    Defendant TRANS UNION is a Delaware corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

5.    At all times material Defendant TRANS UNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

2

6.    Defendant RAC ACCEPTANCE EAST, LLC d/b/a ACCEPTANCE NOW is a Delaware limited liability company based in Fort Worth, TX and is subject to the jurisdiction of this court.

7.    Defendant ACCEPTANCE is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

8.    Defendant Community Bank, National Association ('CBNA') is a national bank based in Canton, NY 13617 and is subject to the jurisdiction of this court.

9.    Defendant CBNA is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

## II. JURISDICTION AND VENUE

10.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*.

11.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

12.    Prior to 2021, an unknown party purchased items using Plaintiff's Home Depot account (to wit – multiple refrigerators and other unknown items). Plaintiff disputed these charges on her Home Depot CBNA card.

13. Also prior to 2021, accounts from RAC ACCEPTANCE and NATIONAL TIRE CBNA appeared on her credit report. Neither of these accounts were at any point hers, but seemed to have either been (a) a mistake on the part of the companies or (b) intentional fraud on behalf of third parties.

14. Further, on Plaintiff's Experian and Trans Union credit reports, there appeared phone numbers, addresses, names, and even *social security numbers* that did not belong to Plaintiff.

15. In an attempt to remove these accounts, delete this false information, and fix the inaccurate balance on her Home Depot account, Plaintiff disputed this inaccurate information on her credit reports.

## DISPUTES TO THE CREDIT BUREAUS

16. On or about December 29, 2021, Plaintiff submitted a dispute letter (hereinafter "First Dispute Letter to Experian') via certified mail to EXPERIAN, disputing the reporting of the improper accounts, false information, and inaccurate Home Depot balance. Please see attached a true and correct copy of the "First Dispute Letter to Experian." ***See Exhibit A, redacted.***

17. On or about December 22, 2021, Plaintiff submitted a dispute letter (hereinafter "First Dispute Letter to Trans Union') via certified mail to TRANS UNION, disputing the reporting of the improper accounts, false

information, and inaccurate Home Depot balance. Please see attached a true and correct copy of the "First Dispute Letter to Trans Union." ***See Exhibit B, redacted.***

18.     After receiving the First Dispute Letter to Experian, EXPERIAN had not removed the NATIONAL TIRE & BATTERY and RAC ACCEPTANCE accounts, nor did it update the HOME DEPOT account with the proper balance or delete the improper personal information.

19.     After receiving the First Dispute Letter to Trans Union, TRANS UNION had not removed the NATIONAL TIRE & BATTERY and RAC ACCEPTANCE accounts, nor did it update the HOME DEPOT account with a proper balance or delete the improper personal information.

20.     After receiving the First Dispute Letter to Experian, upon information and belief, EXPERIAN properly contacted the non-bureau Defendants, but failed to change or remove the accounts or personal information.

21.     After receiving the First Dispute Letter to Trans Union, upon information and belief, TRANS UNION properly contacted the non-bureau Defendants, but failed to change or remove the accounts or personal information.

22.     In the alternative, the Defendant bureaus failed to contact the Defendants CBNA and ACCEPTANCE.

23.    After receiving Plaintiff's First Dispute Letter to Experian and First Dispute Letter to Trans Union, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

24.    On March 30, 2022, Plaintiff submitted a dispute letter (hereinafter "Second Dispute Letter to Experian') via certified mail to EXPERIAN, disputing the reporting of the improper accounts, false information, and inaccurate Home Depot balance. Please see attached a true and correct copy of the "Second Dispute Letter to Experian." ***See Exhibit C, redacted.***

25.    On March 30, 2022, Plaintiff submitted a dispute letter (hereinafter "Second Dispute Letter to Trans Union') via certified mail to TRANS UNION, disputing the reporting of the improper accounts, false information, and inaccurate Home Depot balance. Please see attached a true and correct copy of the "Second Dispute Letter to Trans Union." ***See Exhibit D, redacted.***

26.    After receiving the Second Dispute Letters, EXPERIAN and TRANSUNION did not remove the false accounts, inaccurate personal information, or the wrong balance on the Home Depot account.

27.    After receiving the Second Dispute Letter, upon information and belief, the bureaus properly contacted the Defendants, but failed to change or remove the accounts.

28.   In the alternative, the Defendant bureaus failed to contact the Defendants CBNA and ACCEPTANCE.

29.   After receiving Plaintiff's Second Dispute Letter, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

## RESULTS OF DEFENDANTS' FAILURES

30.   As of the date of this Complaint, Defendants EXPERIAN and TRANS UNION have continued to improperly report the inaccurate balance on Defendant CBNA's Home Depot Account, the two fraudulent accounts, and personal information that is not the Plaintiffs.

31.   When Plaintiff disputed the accounts, Defendant EXPERIAN was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

32.   When Plaintiff disputed the accounts, Defendant TRANS UNION was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

33.   When Plaintiff disputed the account, Defendant CBNA was required to perform a reinvestigation; however, Defendant CBNA continued to report the

erroneous credit information with actual knowledge of errors, in violation of the FCRA in complete disregard to the foreclosure case and Plaintiff's disputes.

34. When Plaintiff disputed the account, Defendant ACCEPTANCE was required to perform a reinvestigation; however, Defendant ACCEPTANCE continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA in complete disregard to the foreclosure case and Plaintiff's disputes.

35. As a result of Defendants' credit reporting of the inaccurate account on Plaintiff's credit reports, Plaintiff's credit score was reduced.

36. Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

37. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## V. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EXPERIAN
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

38. Plaintiff incorporates Paragraph 1 – 37 above as fully stated herein.

39.    Defendant EXPERIAN willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

40.    Defendant EXPERIAN willfully and/or negligently ignored the information provided to it by Plaintiff, the documents provided to it, and the results of investigations by the other Defendants.

41.    Defendant EXPERIAN willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

42.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681e (b).

43.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

44.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

45.    Defendant EXPERIAN negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

46.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

47.   In response to the request for reinvestigation, Defendant EXPERIAN improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

48.   Defendant EXPERIAN has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

49.   As noted above, EXPERIAN failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's dispute and by not reviewing personal information that was clearly *not* connected to Plaintiff. ***See Exhibits A, C.***

50.   Defendant EXPERIAN's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

51.   Defendant EXPERIAN's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant EXPERIAN is liable to compensate Plaintiff for the full amount of statutory and actual damages,

along with attorney's fees and costs, as well as such other relief as permitted by law.

52.    Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For attorney's fees and costs incurred in this action;

e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)    For such other and further relief as the Court may deem just and proper.

## COUNT II
## <ins>CLAIMS AGAINST DEFENDANT TRANS UNION</ins>
## <ins>FOR VIOLATIONS OF THE FCRA</ins>
## <ins>15 U.S.C. § 1681 *et seq.*</ins>

53.    Plaintiff incorporates Paragraph 1 – 37 above as fully stated herein.

54.   Defendant TRANS UNION willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

55.   Defendant TRANS UNION willfully and/or negligently ignored the information provided to it by Plaintiff, in the documents provided by Plaintiff, and in the results of investigations by other Defendants.

56.   Defendant TRANS UNION willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

57.   Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681e (b).

58.   Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

59.   Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

60.   Defendant TRANS UNION negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

61.   Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

62.  In response to the request for reinvestigation, Defendant TRANS UNION improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

63.  Defendant TRANS UNION has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

64.  Defendant TRANS UNION's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

65.  Defendant TRANS UNION's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant TRANS UNION is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

66.  Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and proper.

### COUNT III
### CLAIMS AGAINST DEFENDANT
### COMMUNITY BANK, N.A.
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

67.    Plaintiff incorporates Paragraph 1-37 above as if fully stated herein.

68.    Defendant CBNA has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

69.  Specifically, CBNA violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letter, the documents sent to it, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

70.  Further, CBNA violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

71.  Following the reinvestigation and dispatch of direct notice to CBNA, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

72.  CBNA's reinvestigation was not conducted in good faith.

73.   CBNA's reinvestigation was not conducted reasonably.

74.   CBNA's reinvestigation was not conducted using all information reasonably available to the Defendant.

75.   CBNA's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had along with disputes with the credit bureaus.

76.   CBNA's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

77.   Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

78.   Defendant CBNA had **received multiple disputes from the bureaus** to find that these accounts were inaccurate.

79.   Despite having all the information available to it as the other credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A). And CBNA is **still reporting this information.**

80.    As a result of CBNA's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

81.    CBNA's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

82.    Plaintiff is entitled to recover costs and attorney fees from Defendant CBNA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

83.    CBNA's actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Community Bank, National Association:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

### COUNT IV
### CLAIMS AGAINST DEFENDANT
### RAC ACCEPTANCE EAST, LLC d/b/a ACCEPTANCE NOW
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

84.    Plaintiff incorporates Paragraph 1-37 above as if fully stated herein.

85.    Defendant ACCEPTANCE has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

86.    Specifically, ACCEPTANCE violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's dispute letter, the documents provided by Plaintiff, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer

18

reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

87. Further, ACCEPTANCE violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

88. Following the reinvestigation and dispatch of direct notice to ACCEPTANCE, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

89. ACCEPTANCE's reinvestigation was not conducted in good faith.

90. ACCEPTANCE's reinvestigation was not conducted reasonably.

91. ACCEPTANCE's reinvestigation was not conducted using all information reasonably available to the Defendant.

92. ACCEPTANCE's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report

in light of information it already had and multiple disputes with the credit bureaus.

93.     ACCEPTANCE's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

94.     Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

95.     Defendant ACCEPTANCE had **received multiple disputes from two bureaus** to find that this account was inaccurate. In light of the documents and disputes related to the account, Defendant ACCEPTANCE **still reported the account as accurate.**

96.     Despite having all the information available to it as the other credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

97.     As a result of ACCEPTANCE's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

98.    ACCEPTANCE's actions and inaction were willful rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

99.    Plaintiff is entitled to recover costs and attorney fees from Defendant ACCEPTANCE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against RAC ACCEPTANCE EAST, LLC d/b/a ACCEPTANCE NOW:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For punitive damages;

e)    For attorney's fees and costs incurred in this action;

f)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.

Respectfully submitted this 7th day of July, 2022.

**STORY GRIFFIN**
*Attorneys at Law*

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com